UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTANAE TRICE | CIVIL ACTION |
| VERSUS | NO: 17-17961 |
| RASIER, LLC, ET AL | SECTION: "R" (4) |

## ORDER

Before the Court is a **Motion to Quash Plaintiff Antanea Trice's Notice of 30(B)(6) Deposition and for Protective Order (R. Doc. 30)** filed by Defendant, James River Insurance Company. The Motion is opposed by Plaintiff, Ms. Antanea Trice. Rec. Doc. 33. The Motion was given expedited consideration (Rec. Doc. 32) and oral argument was heard on September 12, 2018.

## I.   Background

On November 20, 2016, Antanea Trice was stopped in her car at an intersection in Kenner, Louisiana when a truck driven by Scott Martinez struck her from behind. Ms. Trice alleged that the collision has caused generalized pain in her body, cervical and lumbar spine pain, and mental anguish. She also contended that the collision has caused her damages, including disability, loss of earning capacity, and medical costs.[1] Rec. Doc. 1-1, p. 3. At the time of the collision, Ms. Trice was working as a Rideshare Driver for Rasier, LLC d/b/a Uber Technologies, Inc. During her employment with Uber, Ms. Trice contended she was provided with an uninsured/underinsured motorists' policy ("UM Policy")[2] issued by Defendant, James River Company. Rec. Doc. 26, p. 1. Mr. Martinez was covered by a policy of liability insurance at the time of the collision, provided by USAA Casualty Insurance Company ("Underlying Policy").

---

[1] Ms. Trice contends that the collision has resulted in clinic bills, physician bills, expenses for transportation to and from physician, and the possibility of a surgery in the near future.

[2] Policy No. CA436100LA-01. R. Doc. 26, p. 1.

Ms. Trice filed this action[3] against Rasier, LLC[4] and James River alleging that the $50,000 maximum coverage paid to Ms. Trice by the Underlying Policy would not cover her damages, and that James River was obligated to cover her remaining damages pursuant to the UM Policy issued to her. Rec. Docs. 1; 1-2, p. 5.

On August 24, 2018, Ms. Trice's counsel provided to James River a signed Notice of 30(b)(6) Deposition. The Notice set the corporate deposition of James River for September 19 and contained twenty-seven (27) Deposition Topics and nineteen (19) Document Requests. Rec. Doc. 30-2.[5] The Deposition Topics concern James River's good faith in investigating Ms. Trice's claim, Ms. Trice's comparative fault in the car accident, James River's affirmative defenses, and Ms. Trice's coverage under the UM Policy. *Id.*

On September 4, 2018, James River filed the Motion before the Court, requesting the Court to quash the Notice of Deposition and issue a Protective Order. James River argues the Deposition Topics (1) are not relevant because James River has since stipulated that Ms. Trice was covered by the UM policy and that they have waived all Defenses assert in their Answer; (2) are not relevant because Ms. Trice has never pled bad faith on the part of James River's investigation of the accident; (3) and that the 30(b)(6) Deposition Topics are unreasonably cumulative and duplicative because all of information sought has either been provided by prior depositions of witnesses, or that written discovery is readily available as a less burdensome source. Rec. Doc. 30.

---

[3] This matter was originally filed on November 13, 2017, in the Civil District Court for the Parish of Orleans, removed by Defendant pursuant to the District Court's diversity jurisdiction on December 29, 2017. R. Doc. 1.

[4] Ms. Trice voluntarily dismissed Rasier, LLC on January 24, 2018. Rec. Doc. 9.

[5] James River contends that counsel for Ms. Trice first provided them with an unsigned draft Notice of the 30(b)(6) Deposition on August 16, 2018. Rec. Doc. 31-2, p. 2.

**II.      Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." The Rules specify that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

"Rule 30(b)(6) allows parties to obtain testimony from a corporation, provided the party describes with reasonable particularity the matters for examination." *Mike Hooks Dredging Co., Inc. v. Eckstein Marine Service, Inc.*, No. 08-3945, 2011 WL 2559821, at *1 (E.D. La. June 28, 2011) (Berrigan, J.) (citing Fed. R. Civ. P. 30(b)(6)). Thereafter, the named organization "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6); id.; see also, *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2103, at 33 (2d ed.1994)) (" 'Obviously it is not literally possible to take the deposition of a corporation; instead ... the information sought must be obtained from natural persons who can speak for the corporation.' ").

Furthermore, under Rule 26(b)(2)(C), discovery may be limited if (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. In assessing whether the burden of the discovery outweighs the benefit, a court must account for (1) the needs of the case, (2) the amount in controversy, (3) the parties' resources,

(4) the importance of the issues at stake in the litigation, and (5) the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

### III. Analysis

#### A. Deposition Topics Concerning James River's Good Faith

Topic Nos. 23-26 concern policies and procedures used by James River to evaluate UM claims in general, the policies and procedures used to evaluate Ms. Trice's claim in particular, the persons who handled Ms. Trice's claim, and the facts that formed the basis for James River's not tendering some reasonable amount of general damages to insured as a sign of its good faith.[6] Rec. Doc. 30-2.

At the hearing, James River's counsel argued that Topic Nos. 23-26 are not relevant because Ms. Trice has never pled that James River acted in bad faith while investigating Ms. Trice's coverage under the UM Policy.

Counsel for Ms. Trice conceded that they never pled James River acted in bad faith, but that the discovery is still relevant because James River has itself pled it acted in good faith. James River's Answer, Defense 15; Rec. Doc. 5, p. 6. Defense 15 stated that James River "has, at all relevant times, acted in good faith and in accordance with all statutory and legal requirements in its handling of plaintiff's claims." *Id.* As a result, counsel for Ms. Trice contended they are entitled to dispute James River's contention they acted in good faith by proving the opposite—that James River acted in bad faith.

---

[6] Louisiana law requires a UM insurer to make a good faith tender of a reasonable amount of damages to the insured within sixty (60) days when the insured has shown a "satisfactory proof of loss." In order to show satisfactory proof of loss, the insured must submit sufficient facts to the insurer to establish that (1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages. *See McDill v. Utica Mut. Ins. Co.*, 475 So.2d 1085 (La. 1985) (citing *Hart v. Allstate Ins Co.*, 437 So.2d 823 (La. 1983); *see also Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So.2d 1012 (La. 2003).

4

During oral argument, James River's counsel stated that good faith was only pled out of an abundance of caution, and that James River does not view it as an issue in this matter. James River's counsel offered to amend their answer to remove Defense 15. Counsel for Ms. Trice consented to the amendment at the hearing. Subsequently, James River filed a Motion for Leave to File First Amended Answer (Rec. Doc. 37), which the Court granted. Rec. Doc. 39. By removing the Fifteenth Defense, James River removed the relevance of the Deposition Topics concerning James River's bad faith. Therefore, James River's request for the Court to quash Deposition Topics 23-26 on the basis of relevance is granted.

### B.     **Deposition Topics Concerning Ms. Trice's Coverage and Comparative Fault**

Topic Nos. 1-7 and 12-16 concern Ms. Trice's comparative fault for the car accident, and include the facts and investigation of the accident, including the identity of witnesses to the accident, information regarding Scott Martinez's employment and driving record, and James River's affirmative defenses relating to Ms. Trice's comparative fault. Rec. Doc. 30-2. Topic Nos. 8-11 and 17-22 concern Ms. Trice's coverage under the UM Policy, including affirmative defenses to coverage James River has asserted. *Id.*

At oral argument, James River's counsel contended that these Topics are not relevant because they have filed a stipulation that acknowledging Ms. Trice's coverage under the UM policy, and waiving all defenses under it. Rec. Doc. 26. Counsel for James River argued that the liability of Ms. Trice and her coverage under the UM Policy are not disputed issues in this matter. Rather, counsel contended, this matter involves a dispute over the extent that Ms. Trice has suffered damages, and whether any damages she did suffer were medically caused by the car accident.

Counsel for Ms. Trice argued at hearing that due to ambiguous language the stipulation did not acknowledge coverage, did not waive all defenses, and did not acknowledge that Mr. Martinez was solely at fault for the accident. Ms. Trice's counsel noted that the stipulation, though it waived all defenses under the UM Policy, also stated that James River "does not include any and all policy limitations including, but not limited to, the limits of coverage identified in the Policy Declarations." *Id.*, ¶ 4. Ms. Trice's counsel also noted that the stipulation allowed James River to "preserve all defenses to causation of damages." *Id.*, ¶ 5 (emphasis added). Ms. Trice's counsel contended that fault and coverage were issues within this matter and that Ms. Trice is entitled to depose James River on the disputed Topics as a result.

At the hearing, James River's counsel clarified that the language in the stipulation was only meant to reference coverage limits of the UM Policy and to reserve the right to contest medical causation and the extent of Ms. Trice's damages. At the hearing, counsel for James River made a definitive stipulation that Ms. Trice has no comparative fault for the collision, that she has exhausted the Underlying Policy, and that she is covered under James River's UM Policy. Subsequently, James River filed a stipulation into the record stating the same. Rec. Doc. 36. At the hearing, Ms. Trice's counsel acknowledged that this stipulation removed the need to depose James River on Topic Nos. 1-7, 8-11, 12-16, and 17-22.

Accordingly,

**IT IS ORDERED** that Defendant **James River's Motion to Quash Plaintiff Antanea Trice's Notice of 30(b)(6) Deposition and for Protective Order (Rec. Doc. 30)** is hereby **GRANTED IN PART** and **DENIED IN PART.**

**IT IS ORDERED** that Defendant James River's request for the Court to quash Deposition Topic Nos. 23-26 on the basis of relevance is **GRANTED.**

**IT IS ORDERED** that Defendant James River's request for the Court to quash Deposition Topic Nos. 1-7, 8-11, 12-16, and 17-22 are **DENIED AS MOOT.**

New Orleans, Louisiana, this 18th day of October 2018.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**